IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

In re JAMES ANDREW BUSSMAN                    Civ. No. 6:23-mc-00011-AA

               Debtor.                              **OPINION & ORDER**

_____

AIKEN, District Judge.

This bankruptcy case comes before the Court on a Motion for Leave to Appeal Interlocutory Order Denying Debtor's Motion for Rule 2004 Examination of Creditors Elizabeth Potter, Sara Strain, Jennifer Isenhart, Mary Kistner, and Shannon Creson, ECF No. 1, filed by Debtor James Andrew Bussman. Creditors Elizabeth Potter, Sara Strain, Jennifer Isenhart, and Mary Kistner (collectively "Sisters") have filed an Objection to Debtor's Motion. ECF No. 3. This case arises out of *In re Bussmann*, Case No. 6:21-bk-61160-tmr12, in the United States Bankruptcy Court for the District of Oregon. No oral argument is required on this motion. Fed. R. Bankr. P. 8004(c)(3). For the reasons set forth below, the motion is DENIED.

## BACKGROUND

The underlying bankruptcy court action was filed July 6, 2021 as a voluntary petition under Chapter 12. Bk. Dkt. 1.[1] Sisters are Creditors in the bankruptcy case, having secured a substantial judgment against Debtor. Shannon Creson is a friend of Sisters and was authorized to negotiate with Debtor on Sisters' behalf.

---

[1] For the sake of clarity, the Court will use "Bk. Dkt." to refer to docket entries in the underlying bankruptcy case and will retain the use of "ECF No." to refer to the docket entries in the district court case.

In the bankruptcy action, Debtor sought discovery related to the question of whether Sisters had assigned their judgment against Debtor to Shannon Creson, which Debtor asserts would implicate Sisters' standing in the bankruptcy litigation.[2] Bk. Dkt. 213.  Sisters and Creson have submitted sworn declarations denying that such an assignment occurred and asserting that Creson's authority to negotiate on behalf of Sisters was revokable and any agreement would be subject to ratification by Sisters.  Bk. Dkt. 216, 217.  Sisters objected to Debtor's request for discovery.  Bk Dkt. 214.  On December 15, 2022, the bankruptcy court denied Debtor's motion for records examination under Rule 2004.  Bk. Dkt. 221.

A motion to dismiss the bankruptcy case has been filed by Sisters and is currently pending before the bankruptcy court.  Bk. Dkt. 179.

## DISCUSSION

Debtor seeks leave to appeal the bankruptcy court's denial of his motion for discovery.  Debtor argues that he may appeal the bankruptcy court's order on the grounds that (1) it is a final order; (2) it is a valid matter for interlocutory appeal; and (3) that the appeal should be permitted under the collateral order doctrine.

### I.    The Bankruptcy Court's Denial of Debtor's Motion is Not a Final Order

Ordinarily, a "final decision" is one which "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Ad Hoc Committee of Holders of Trade Claims v. PG&E Corporation*, 614 B.R. 344, 350-51 (N.D. Cal. 2020) (internal quotation marks and citation omitted).  District courts have jurisdiction for bankruptcy appeals "from all final

---

[2] Sisters assert that Creson was authorized to negotiate with Debtor on their behalf and that any agreement he reached would need to be ratified by Sisters.  Sisters maintain that there was no written memorialization of this agreement until one was prepared after Debtor filed the present motion.  The agreement is attached as an exhibit to the Potter Declaration.  ECF No. 4.  Sisters assert that this agreement moots Debtor's motion and the underlying discovery dispute.  The Court need not reach this issue, however, because Debtor's motion is otherwise subject to denial.

decisions, judgments, order, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a)(1). "In contrast to 'ordinary civil litigation,' the rules of finality in bankruptcy are somewhat relaxed." *In re Mayer*, 28 F.4th 67, 70 (9th Cir 2022) (internal quotation marks and citation omitted). In assessing whether an order is "final" for purposes of § 158, "a pragmatic approach is warranted" and courts use "a more flexible standard." *In re Perl*, 811 F.3d 1120, 1125 (9th Cir. 2016) (internal quotation marks and citation omitted). "This is because a bankruptcy case encompasses numerous individual controversies, many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor." *In re Mayer*, 28 F.4th at 70 (internal quotation marks and citations omitted, alterations normalized). "Thus, orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Id.*; *see also In re Marino*, 949 F.3d 483, 487 (9th Cir. 2020) ("An order in a bankruptcy proceeding is final and thus appealable is it alters the status quo and fixes the rights and obligations of the parties or alters the legal relationship among the parties." (internal quotation marks and citation omitted, alterations, normalized)). "If 'further proceedings in the bankruptcy court will affect the scope of the order, the order is not subject to review.'" *Ad Hoc Committee*, 614 B.R. at 351 (quoting *In re Technical Knockout Graphics, Inc.*, 833 F.2d 797, 800 (9th Cir. 1987)).

In this case, Debtor seeks to appeal an order denying a request to conduct a Rule 2004 examination. "The party seeking to conduct a 2004 examination has the burden of showing good cause for the examination which it seeks." *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 627 (Bankr. D. Del. 2016). "Generally, good cause is shown if the Rule 2004 examination is necessary to establish the claim of the party seeking examination, or if denial of such request would cause the examiner undue hardship or injustice." *Id.* (internal quotation marks and citation omitted, alterations normalized). However, in general "[p]retrial orders governing discovery are

not appealable because they are not final." *Marchetti v. Bitterolf*, 968 F.2d 963, 967 (9th Cir. 1992).

In this case, Debtor has not established that the bankruptcy court's order denying his request for a 2004 examination is a "final order." The order could easily be superseded by a subsequent decision of the bankruptcy court, provided Debtor makes a sufficient showing. Additionally, the order does not alter the status quo, nor does it fix the rights and obligation of the parties or alter their legal relationships. Debtor is not, therefore, entitled to pursue an appeal of right under § 158(a).

## II.     No Exceptional Circumstances Exist to Justify Interlocutory Appeal

If an order is not final, a court has jurisdiction to hear an appeal of an interlocutory order of a bankruptcy court if it grants leave to appeal. *See* 28 U.S.C. § 158(a)(3); Fed. R. Bankr. P. 8004(a)(2), (b). "In determining whether to grant leave to appeal an interlocutory order from the bankruptcy court, the Court will apply the standard set forth in 28 U.S.C. 1292(b), which the standard used by the court of appeals to determine whether to entertain interlocutory appeals from the district court." *Traversa v. Educ. Credit Mgmt. Corp.*, 386 B.R. 386 (D. Conn. 2008). Leave to appeal an interlocutory order of a bankruptcy court is appropriate where (1) there a controlling question of law, (2) as to which a substantial ground for a difference of opinion exists, and (3) an immediate appeal could materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). Interlocutory appeals should only be permitted when "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Id.* (internal quotation marks and citation omitted).

"To establish that an order contains a controlling question of law, it must be shown that either (1) reversal of the bankruptcy court's order would terminate the action, or (2) determination of the issue on appeal would materially affect the outcome of the litigation." *In re Futter Lumber Corp.*, 473 B.R. 20, 27 (E.D.N.Y. 2012) (internal quotation marks and citation omitted). As the district court observed in *Futter Lumber Corp.*, the standard "speaks to the 'controlling' aspect" of the first element but does not alter the requirement that the "question of law" "must refer to a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Id.* (internal quotation marks and citation omitted). Where "a 'legal' issue is essentially fact based in nature interlocutory appeal is not appropriate." *Id.* (internal quotation marks and citation omitted).

In this case, Debtor frames his request as one concerning whether the bankruptcy court properly denied the motion based solely on the declarations of Sisters and Creson. However, the bankruptcy court's order reflects only that the motion was denied for reasons stated on the record. Fundamentally, the disputed issue revolves around the scope of Creson's authority to negotiate on behalf of Sisters and whether Debtor met his burden to discovery on that question. The Court concludes that this is a factual matter, rather than a purely legal one. Because Debtor has failed to show the first element necessary for interlocutory appeal, the Court need not reach the remaining elements to conclude that Debtor has not established exceptional circumstances justifying an interlocutory appeal.

### III.    The Collateral Order Rule Does Not Apply

Finally, Debtor asserts that he should be permitted to appeal the bankruptcy court's decision under the collateral order rule. Under the collateral order doctrine, courts have appellate jurisdiction "over a narrow class of decisions that do not terminate the litigation, but must, in the

interest of achieving a healthy legal system, nonetheless be treated as final." *Stanley v. Chappell*, 764 F.3d 990, 993 (9th Cir. 2014). To come within this narrow class, an order must (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from a final judgment. *Id.* Both the Ninth Circuit and the Supreme Court have taken pains to emphasize "the limited scope of the collateral order doctrine," stressing that "the doctrine 'must never be allowed to swallow the general rule that a party is entitled to a single appeal, to be deferred until final judgment has been entered.'" *Id.* (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009)).

As previously noted, pretrial discovery orders are generally not reviewable. *Marchetti*, 968 F.2d at 967. As previously discussed, such discovery orders may be modified by the bankruptcy court, provided that the moving party makes a satisfactory showing, and so do not "conclusively determine the disputed question." Debtor has not shown that his interlocutory appeal should be permitted under the collateral order doctrine.

## CONCLUSION

For the reasons set forth above, Debtor's Motion for Leave to Appeal Interlocutory Order Denying Debtor's Motion for Rule 2004 Examination of Creditors Elizabeth Potter, Sara Strain, Jennifer Isenhart, Mary Kistner, and Shannon Creson, ECF No. 1, is DENIED and this matter is remanded to the United States Bankruptcy Court for the District of Oregon. The Clerk of Court is directed to close this case. The status conference, currently scheduled for January 20, 2023, ECF No. 5, is cancelled.

It is so ORDERED and DATED this     20th     day of January 2023.

                                               /s/Ann Aiken  
                                              ANN AIKEN  
                                              United States District Judge